IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| FRANK EDWIN PATE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:18cv840-MHT |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Before the court is petitioner Frank Edwin Pate's "Motion for Rule 60(b) Relief," filed on June 12, 2019.

On September 27, 2018, Pate, a federal inmate at the Maxwell Federal Prison Camp in Montgomery, Alabama, filed with this court a self-styled petition for writ of habeas corpus under 28 U.S.C. § 2241. Pursuant to orders by this court, Pate filed an amended § 2241 petition on October 12, 2018. In his petition as amended, Pate claimed that his convictions and sentence by the United States District Court for the Eastern District of Texas were void because (1) the federal district courts, including the court in which he was

convicted and sentenced, are not lawfully established by Congress; (2) the United States suffered no "injury in fact" from his alleged crimes and thus lacked standing to prosecute him; and (3) the government's evidence was insufficient to sustain his convictions. Amended Petition (doc. no. 8) at 1–3.

Because Pate's claims challenged the validity of his convictions and sentence and fell squarely within the realm of injuries addressed by motions to vacate under 28 U.S.C. § 2255, this court found that his self-styled § 2241 petition must be considered as a motion to vacate under § 2255. *See* Order (doc. no. 9); Recommendation (doc. no. 14). And because venue and jurisdiction for actions considered under § 2255 lie only in the district of conviction, this court transferred Pate's case to the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C. § 1631. *See* Recommendation (doc. no. 14); Opinion and Order (doc. no. 18).

In his "Motion for Rule 60(b) Relief," Pate again challenges the validity of his convictions and sentence by the Eastern District of Texas court. He "request[s] relief in the nature of reinstating [his] Habeas Corpus Petition[ ] for the purpose of a hearing as allowed per Constitution and statutory law; finding of facts, and conclusions of law entered into the record[] of [his] case ... ; and order of relief granting immediate release based off of arguments presented, supported or sentencing court's lack of jurisdiction." Motion for Rule 60(b) Relief (doc. no. 20) at 3.

Although Pate styles his motion as one for relief under Rule 60(b) of the Federal Rules of Civil Procedure, it is properly understood as a motion requesting that his original self-styled § 2241 petition be reinstated in this court. Pate does not assert any of the grounds for relief contained in Rule 60(b), and once again he presents claims that go to the validity of his convictions and sentence. Rule 60 of

3

the Rules of Civil Procedure is an inappropriate vehicle to challenge a criminal conviction or sentence. *See United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998). Further, Pate demonstrates no infirmity in this court's order transferring his case to the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C. § 1631. Pate challenged his conviction and sentence. Such challenges are properly brought under § 2255. Section 2255 motions are properly filed only in the court of conviction. Pate simply fails to demonstrate any basis for relief from this court.

\*\*\*

Accordingly, for the reasons indicated above, it is ORDERED that petitioner Frank Edwin Pate's "Motion for Rule 60(b) Relief" (doc. no. 20) is denied.

DONE, this the 15th day of July, 2019.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**