IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| FRANK EDWIN PATE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:18cv840-MHT |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Before the court is a "Rule 22 Motion for Habeas Corpus" filed by petitioner Frank Edwin Pate, a federal inmate at the Maxwell Federal Prison Camp; the motion was originally filed in, and then referred to this Alabama district court by, the Eleventh Circuit Court of Appeals. By this motion, Pate seeks leave to file a 28 U.S.C. § 2241 petition for habeas-corpus relief to challenge the alleged lack of Article III powers held by the sentencing court in his criminal case, the United States District Court for the Eastern District of Texas, to enter a judgment and conviction against him.

I.

Previously, in September 2018, in this case, Pate filed with this Alabama federal court a self-styled petition for writ of habeas corpus under § 2241 raising the same claims presented in his instant motion, and later filed an amended § 2241 petition. He had been convicted of mail and wire fraud, in violation of 18 U.S.C. §§ 1341, 1343, in the United States District Court for the Eastern District of Texas. In his initial petition as amended, he claimed that his convictions and sentence by the Texas federal court were void because (1) federal district courts, including the court in which he was convicted and sentenced, are not lawfully established by Congress; (2) the United States suffered no "injury in fact" from his alleged crimes and thus lacked standing to prosecute him; and (3) the government's evidence was

insufficient to sustain his convictions. *See* Amended Petition (doc. no. 8) at 1-3.

Because Pate's claims challenged the validity of his convictions and sentence and fell squarely within the realm of injuries addressed by petitions to vacate under 28 U.S.C. § 2255, this court found that his self-styled § 2241 petition must be considered as a petition to vacate under § 2255. And, because venue and jurisdiction for actions considered under § 2255 lie in only the district of conviction, this court transferred Pate's case to the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C. § 1631, for review and disposition.

In December 2018, after the District Court for the Eastern District of Texas issued an order instructing Pate to submit his claims on the standardized § 2255 form, Pate filed a motion to dismiss voluntarily his case. *See Pate v. United States*, Civil Action No. 4:18cv839-ALM-CAN (E.D. Tex. 2019). The Texas

3

magistrate judge, accordingly, entered a recommendation to grant the motion, *see id.* (doc. no. 25), and, on January 12, 2019, the Texas district judge entered an order granting the motion and dismissing Pate's case without prejudice. See *id.* (doc. no. 28).

Later, after transferring Pate's case to the United States District Court for the Eastern District of Texas for review and disposition, this court, on July 15, 2019, denied Pate's "Motion for Rule 60(b) Relief," in which Pate sought to have his self-styled § 2241 habeas-corpus petition reinstated in this court. *See* Opinion and Order (doc. no. 21).

II.

The court now turns to the recent motion referred to this court by the Eleventh Circuit. For two reasons, Pate will be denied leave to file yet another § 2241 habeas-corpus petition in this court challenging the Eastern District of Texas's jurisdiction to impose

4

judgment and conviction upon him in his criminal case.

First, as previously determined by this court, any challenges raised by Pate regarding the lack of jurisdiction of the United States District Court for the Eastern District of Texas to adjudicate his criminal case are not proper claims for relief in a § 2241 habeas petition, see *McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017); *Venta v. Warden, FCC Coleman-Low*, 2017 WL 4280936, at *1 (11th Cir. 2017), and must be addressed under § 2255 in the district of conviction.

Second, this new motion is just another improper effort to get around this court's earlier rulings and get his case back in this court. The court has already ruled on the matter again and again.

***

Accordingly, for the reasons indicated above, it is ORDERED that petitioner Frank Edwin Pate's "Rule 22 Motion for Habeas Corpus" (doc. no. 24), which was

5

referred to this court by the Eleventh Circuit Court of Appeals and which again seeks habeas-corpus relief other than in the United States District Court for the Eastern District of Texas, is denied.

DONE, this the 12th day of August, 2019.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**